1  MICHAEL COSENTINO, ESQ., State Bar No. 83253
   Attorney at Law
2  P.O. Box 129
   Alameda, CA  94501
3  Telephone: (510) 523-4702

4  Attorney for Plaintiff
   United States of America

*E-filing*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CV 08 3086 |
|---|---|
| Plaintiff, | |
| v. | **COMPLAINT** (Student Loan\Debt Collection Case) |
| Vicky Moore aka Vicky L. Moore aka Vickie Lynn Kessler, | |
| Defendant(s). | |

Plaintiff, through its attorney, alleges:

1. <u>Jurisdiction:</u> The Court has jurisdiction of this action under 28 U.S.C. Section 1345.

2. Defendant resides in the Northern District of California.

3. Defendant owes plaintiff $1,157.30, plus additional interest according to the Certificate of Indebtedness, a copy of which is annexed hereto as Exhibit A.

WHEREFORE, plaintiff demands judgment against defendant for the sum of $1,157.30, additional interest to the date of judgment, attorney's fees in the amount of 33.33% of the debt, and court costs.

Date:  June 23, 2008

LAW OFFICE OF MICHAEL COSENTINO
By: MICHAEL COSENTINO
Attorney for the Plaintiff
United States of America

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

**CERTIFICATE OF INDEBTEDNESS #1 of 1**

>Vicky Moore
>Aka: Vicky L. Moore
>432 Maple Ln.
>Garberville, CA 95542-3406
>Account No:            9130

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 10/18/07.

On or about 02/15/90, the borrower executed a promissory note to secure a loan of $2,625.00, from Educaid (Sacramento, CA) at 8% interest, rising to 10% after the fourth year of repayment. Pursuant to 20 U.S.C. § 1077a(i)(7), the holder converted the interest rate to a variable, not to exceed, currently, 10%. This loan obligation was guaranteed by California Student Aid Commission and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et. seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $0.00 to the outstanding principal owed on the loan. The borrower defaulted on the obligation on 01/22/92, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $2,416.53 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the borrower. The guarantor was unable to collect the full amount due, and on 03/12/07, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has received a total of $0.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal | $1,157.30 |
| Interest: | $1,083.59 |
| Total debt as of 10/18/07: | $2,240.89 |

Interest accrues on the principal shown here at the rate of 8.17 percent and a daily rate of $.26 through June 30, 2008, and thereafter at such rate as the Department establishes pursuant to section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. 1077a.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: **01/29/08**

*[signature]*
Loan Analyst
Litigation

**EXHIBIT A**